IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 7, 2004 Session

**STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES v.
CBH, IN RE: SB, a Child Under 18 Years of Age**

**Direct Appeal from the Circuit Court for Bradley County
No. V-02-1034     Hon. John B. Hagler, Jr., Circuit Judge**

---

**No. E2003-03000-COA-R3-PT  - FILED JULY 29, 2004**

---

The Trial Court terminated the mother's parental rights after finding statutory grounds to terminate and clear and convincing evidence that it was in the child's best interest that the parent's rights be terminated.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Charles G. Wright, Jr., Chattanooga, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and
Elizabeth C. Driver, Assistant Attorney General, Nashville, Tennessee, for Appellee.

**OPINION**

The Department of Children's Services (DCS) filed a Petition to Terminate Parental Rights of the mother, CBH, to the minor child, SB, on December 9, 2002, alleging that mother had abandoned the child, has not complied with her permanency plan, and the child had been removed for more than six months.

The Petition further alleged that SB was removed from the mother (and not for the first time) on July 27, 2001, and that mother had not sought visitation with the child since that time, had not engaged in a permanency plan, and had shown no intent to reunify with the child.

Following an evidentiary hearing in which numerous witnesses, as well as the mother, testified, the Trial Court found the mother had been given many opportunities, especially in the last two years to properly care for the child, but the Department had found it necessary to take the child into custody again. The Court said there was clear and convincing evidence that the mother endangered the children when she was arrested for driving recklessly and without a license, and that she had no success in dealing with her alcohol and drug problems, although services had been available to assist her.

The Court held the mother had not complied with the permanency plans, and this was a "classic case" of persistence of conditions. The Court observed that the child had been in state custody for most of the 15 years of her life.

The Court found that the mother's failure to support the child was not willful, as the evidence did not establish her ability to pay. The Court held, however, that the mother's failure to visit, was willful, and was grounds for termination. The Court noted that he gave no credit to much of the mother's testimony in conflict with the witnesses from the Department.

The Court entered an Order terminating the mother's rights on the grounds of abandonment for failure to visit, persistence of conditions, and incompetence to care for the child due to the mother's long-standing problems with alcohol and drugs, further that termination was in the child's best interest.

The mother has appealed, and these issues are presented for consideration on appeal:

1. Whether the trial court erred in considering evidence prior to the latest removal on July 27, 2001?

2. Whether the trial court had a legal basis to terminate based on Tenn. Code Ann. §36-1-113(g)(8)?

3. Whether the trial court had a legal basis to terminate based on Tenn. Code Ann. §36-1-113(g)(3)?

4. Whether the trial court had clear and convincing evidence of abandonment pursuant to Tenn. Code Ann. §36-1-102(1)(A)(I)?

5. Whether the trial court had a legal basis for termination pursuant to Tenn. Code Ann. §36-1-102(1)(A)(ii)?

A parent has a fundamental right to the care, custody, and control of her child. *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208 (1972). This right is not absolute, however, and may be terminated if there is clear and convincing evidence justifying termination under the

applicable statute. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388 (1982); *In re Drinnon*, 776 S.W.2d 96 (Tenn. Ct. App. 1988). The court must also find that termination of parental rights is in the child's best interest. *Tennessee Dept. of Human Services v. Riley*, 689 S.W.2d 164 (Tenn. Ct. App. 1984); Tenn. Code Ann. §36-1-113(c).

The mother argues that the Department should not have been allowed to present evidence of the conditions prior to the last removal, and that the findings of the Juvenile Court in the earlier termination proceeding were *res judicata*, i.e. the mother had been drug free for four years. The only finding the Trial Court made as to drugs in this case was that drug and alcohol problems had plagued the mother off and on for years, and that she had never completed a treatment program. The mother, in her testimony, admitted that she had "slipped" and smoked pot in 2001, and failed a drug test, which lead to the latest removal.

The Trial Court relied upon numerous factors in terminating the mother's rights, and made clear that it was not reconsidering matters that the Juvenile Court had previously ruled on, but on facts which had occurred after the latest removal. The Court found the mother had failed to comply with her latest plan of care, and was incompetent to care for the child due to her alcohol/drug problems and instability. The Court ruled the mother had abandoned the child by failing to visit, and that the conditions which led to removal persisted. Moreover, the history of past behavior is relevant to the issue of future behavior. We find no error on this issue.[1]

The mother argues that the Court did not have a proper basis for finding that she was mentally incompetent (*see* Tenn. Code Ann. § 36-1-113(g)(8)) to care for the child, because the Juvenile Court had previously found in 2000 that she had been drug-free for four years. The mother admitted at trial that she had taken drugs in the past two years, that she was under indictment for DUI and child endangerment, and that she had no proper home for the children. She offered no proof that she had ever completed alcohol or drug treatment, or that she had completed counseling as required by her plan of care. The Trial Court based his ruling on this ground in part on mother's behavior at the trial, stating that from observing mother testify, he was convinced that the mother did not have the proper mental or emotional state to meet the child's needs. The mother's argument that the Trial Court improperly based its finding on prior facts, is without merit.

The Trial Court found that this was a "classic case" of persistence of conditions. *See* Tenn. Code Ann. § 36-1-113(g)(3)(A). The mother argues that the Trial Court erred in relying upon this ground because it made no finding that the child had been removed for more than six months, or what conditions persisted. The proof was undisputed that the child had been in custody from July 2001 until the date of trial (September 2003). Further, the Trial Court discussed the mother's

---

[1]The Juvenile Court Order heavily relied upon by the mother, simply found there was insufficient evidence to warrant termination or make a finding that termination was in the child's best interest at that juncture. Significantly, the Court did not return custody to the mother at that time, but the Order expressly states that returning the child to the mother was not even considered, and that the child would remain in state custody until further evaluation.

instabilities as to mental health, home, etc., her long-standing problems with drugs and alcohol, her lack of concern for the child and lack of effort to visit the child, as well as the mother's failure to comply with any of the plans of care. The mother admitted to using drugs in the last two years, to checking herself into a facility for stress and suicidal thoughts, and admitted that she had not visited nor had any contact with the child. She admitted that her current living conditions were not suitable for the children. The evidence was clear and convincing of the persistent conditions, and this argument is also without merit.

The mother argues that the Trial Court erred in terminating her rights based on abandonment for willful failure to visit, because mother testified she had contacted Ms. Elliott at DCS and Elliott would not return her calls. Elliott testified that she tried for months to locate mother and was unsuccessful, and that each time she obtained a lead on the mother's whereabouts, she would try to contact the mother there and would find that the mother had moved. Elliott admitted that mother left one message with a room number at Whitewater Lodge, but when she tried to reach the mother there, she was told the mother had moved. The Court discredited the mother's testimony, and found that the mother had failed to visit the child. The mother admitted that she knew where the child was, and she knew where the DCS office was, but she made no effort to go there, stating she was without transportation. She also said she was going back and forth to work during this time frame, and also claimed to have tried to take clothes to the child on one occasion when she was rebuffed by Ms. Aubrey. Ms. Aubrey disputed this occurrence.

The record shows the mother gave no reasonable explanation for why she failed to visit the child for more than 18 months prior to trial. The evidence clearly established a basis for a finding of abandonment. "Abandonment" is defined in Tenn. Code Ann. § 36-1-102, as a parent's willful failure to visit or pay child support for four months immediately preceding the filing of the Petition to Terminate, or where the child has been removed and the Court finds that DCS has made reasonable efforts to assist the parent in maintaining a stable home for the child, but the parent has failed to do so over a period of four months, and has demonstrated a lack of concern for the child, such that it appears unlikely the parent will provide a stable home at an early date. The mother's issue is without merit.

Having determined that there was clear and convincing evidence of grounds for termination, the issue thus becomes whether termination was in the child's best interest. The statute requires that the best interest analysis be based on the following:

> (1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;

> (2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;

(3) Whether the parent or guardian has maintained regular visitation or other contact with the child;

(4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;

(5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;

(6) Whether the parent or guardian, or other person residing with the parent or guardian, has shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;

(7) Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol or controlled substances as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;

(8) Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child;  or

(9) Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

Tenn. Code Ann. § 36-1-113(I).

The evidence in this case militates in favor of termination on all of the above-listed factors.  Mother has failed to provide a safe home for the child, has failed to establish a meaningful relationship with the child, has failed to visit, and has failed to effect a meaningful change in her life or take advantage of the services offered.  The evidence is the child is happy and thriving in her current placement, and a return to mother would be detrimental to her well-being.  Termination is clearly in the child's best interests, in order that she may be adopted and have a sense of permanency and stability.  The Trial Court properly found termination was warranted in this case.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, P.J.